1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Alan R. Plutzik, Of Counsel (Bar No. 077758)
2  L. Timothy Fisher, Of Counsel (Bar No. 191626)
   2125 Oak Grove Road, Suite 120
3  Walnut Creek, CA 94598
4  Telephone: (925) 945-0770
   Facsimile: (925) 945-8792
5
6  *Attorneys for Plaintiffs*
7  [Additional Counsel Appear on Signature Page]

8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYNICE KELLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHORETEL, INC., JOHN W. COMBS, MICHAEL E. HEALY, EDWIN J. BASART, GARY J. DAICHENDT, THOMAS VAN OVERBEEK, KENNETH D. DENMAN, CHARLES D. KISSNER, EDWARD F. THOMPSON, LEHMAN BROTHERS, INC., J.P. MORGAN SECURITIES, INC., and PIPER JAFFRAY & CO.,<br><br>Defendants. | **CIVIL ACTION NO. C08-00683**<br><br>**CLASS ACTION COMPLAINT**<br><br>**WAIVER OF SERVICE OF SUMMONS** |

WAIVER OF SERVICE OF SUMMONS
C08-00683

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      Please take notice that named defendants in this action, Shoretel, Inc., John W. Combs,

3  Edwin J. Basart, Gary J. Daichendt, Kenneth D. Denman, Michael E. Healy, Charles D. Kissner,

4  Thomas Van Overbeek and Edward F. Thompson, waived service of summons. The waivers are

5  attached hereto as Exhibit A.

6  Dated: April 2, 2008                SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

7

8                                      Alan R. Plutzik, Of Counsel (Bar No. 077758)
                                    L. Timothy Fisher, Of Counsel (Bar No. 191626)
9                                      2125 Oak Grove Road, Suite 120
                                    Walnut Creek, CA 94598
10                                     Telephone: (925) 945-0770
11                                     Facsimile: (925) 945-8792

12                                         - and -

13                                     Richard A. Maniskas
14                                     D. Seamus Kaskela
                                    280 King of Prussia Road
15                                     Radnor, PA 19087
                                    Telephone: (610) 667-7706
16                                     Facsimile: (610) 667-7056

17                                         - and -

18                                     Brodsky & Smith, LLC
                                    Evan J. Smith, Esquire
19                                     Two Bala Plaza, Suite 602
                                    Bala Cynwyd, PA 19004
20                                     Telephone: (610) 667-6200
21                                     Facsimile: (610) 667-9029

22

23

24

25

26

27

28

WAIVER OF SERVICE OF SUMMONS
C08-00683

**EXHIBIT A**

%AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

Clear Form

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Shoretel, Inc._____ , acknowledge receipt of your request
   (DEFENDANT NAME)

that I waive service of summons in the action of __Phynice Kelley, v. Shoretel, Inc., et al_____ ,
   (CAPTION OF ACTION)

which is case number __C08-00683_____ in the United States District Court
   (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after     __2-22-08_____ ,
   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__March 24, 2008_____     ___Cakevane___ (SIGNATURE)
(DATE)

Printed/Typed Name: Catherine D. Kevane/Fenwick & West on behalf of ShoreTel, Inc.

As __Attorneys for Defendant__ of __Shoretel, Inc.__
   (TITLE)     (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, John W. Combs
   (DEFENDANT NAME)
, acknowledge receipt of your request that I waive service of summons in the action of Phynice Kelley, v. Shoretel, Inc., et al
(CAPTION OF ACTION)
, which is case number C08-00683
(DOCKET NUMBER)
in the United States District Court for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after                     2-22-08
                                                                (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

March 24, 2008                          _Catherine_ (signature)
(DATE)                                  (SIGNATURE)
                                        Catherine D. Kevane/Fenwick & West
                                        Printed/Typed Name: on behalf of John W. Combs

                        As  Attorneys for Defendant    of  John W. Combs
                            (TITLE)                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Edwin J. Basart , acknowledge receipt of your request
  (DEFENDANT NAME)

that I waive service of summons in the action of Phynice Kelley, v. Shoretel, Inc., et al ,
  (CAPTION OF ACTION)

which is case number C08-00683 in the United States District Court
  (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after 2-22-08 ,
  (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

March 24, 2008                                 _____[signature]_____
  (DATE)                                           (SIGNATURE)
                                             Catherine D. Kevane/Fenwick & West
                                   Printed/Typed Name: on behalf of Edwin J. Basart

                                   As  Attorneys for Defendant  of  Edwin J. Basart
                                         (TITLE)                    (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399  (Rev. 10/95)

[Clear Form]

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Gary J. Daichendt_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Phynice Kelley, v. Shoretel, Inc., et al_____,
(CAPTION OF ACTION)

which is case number __C08-00683_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after                                         __2-22-08_____,
                                                                                                                      (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__March 24, 2008__                    _Catherine_ (signature)
(DATE)                                Catherine D. Kevane/Fenwick & West
                                      Printed/Typed Name: on behalf of Gary J. Daichendt

                                      As __Attorneys for Defendant__ of __Gary J. Daichendt__
                                             (TITLE)                      (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Kenneth D. Denman                                   , acknowledge receipt of your request
  (DEFENDANT NAME)

that I waive service of summons in the action of Phynice Kelley, v. Shoretel, Inc., et al ,
                                                 (CAPTION OF ACTION)

which is case number C08-00683                         in the United States District Court
                      (DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after      2-22-08      ,
                                                                          (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

March 24, 2008                          /s/ Catherine
(DATE)                                  (SIGNATURE)
                                        Catherine D. Kevane/Fenwick & West
                                        Printed/Typed Name: on behalf of Kenneth D. Denman

                                        As Attorneys for Defendant  of Kenneth D. Denman
                                              (TITLE)                  (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

[Clear Form]

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Michael E. Healy_____, acknowledge receipt of your request
        (DEFENDANT NAME)

that I waive service of summons in the action of __Phynice Kelley, v. Shoretel, Inc., et al_____,
                                                    (CAPTION OF ACTION)

which is case number __C08-00683_____ in the United States District Court
                         (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                                __2-22-08_____,
                                                                   (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__March 24, 2008__                    _____[signature]_____
      (DATE)                                     (SIGNATURE)
                                       Catherine D. Kevane/Fenwick & West
                           Printed/Typed Name: __on behalf of Michael E. Healy__

                           As __Attorneys for Defendant__ of __Michael E. Healy__
                                      (TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

[Clear Form]

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Charles D. Kissner__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Phynice Kelley, v. Shoretel, Inc., et al__,
(CAPTION OF ACTION)

which is case number __C08-00683__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after          __2-22-08__ ,
                                                                                      (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__March 24, 2008__                     _(signature)_
(DATE)                                  Catherine D. Kevane/Fenwick & West
                                        (SIGNATURE)

Printed/Typed Name: __Charles D. Kissner__

As __Attorneys for Defendant__ of __Charles D. Kissner__
      (TITLE)                        (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

◎AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Thomas Van Overbeek_____, acknowledge receipt of your request
  (DEFENDANT NAME)

that I waive service of summons in the action of __Phynice Kelley, v. Shoretel, Inc., et al_____,
                                                  (CAPTION OF ACTION)

which is case number __C08-00683_____ in the United States District Court
                          (DOCKET NUMBER)

for the Northern District of California.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after _____, __2-22-08_____,
                                                                                (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__March 24, 2008_____        _____(signature)_____
   (DATE)                                  (SIGNATURE)
                                  Catherine D. Kevane/Fenwick & West
                         Printed/Typed Name: __on behalf of Thomas Van Overbeek__

                         As Attorneys __for Defendant__ of __Thomas Van Overbeek__
                                         (TITLE)                (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Edward F. Thompson__, acknowledge receipt of your request
     (DEFENDANT NAME)

that I waive service of summons in the action of __Phynice Kelley, v. Shoretel, Inc., et al__,
                                                        (CAPTION OF ACTION)

which is case number __C08-00683__ in the United States District Court
                     (DOCKET NUMBER)

for the Northern District of California.

   I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days
after                                                             __2-22-08__,
                                                             (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__March 24, 2008__                         __Catherine__ (signature)
     (DATE)                                         (SIGNATURE)
                                            Catherine D. Kevane/Fenwick & West
                            Printed/Typed Name: __on behalf of Edward F. Thompson__

                            As __Attorneys for Defendant__ of __Edward F. Thompson__
                                        (TITLE)                  (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.